IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR RANGER, INC.,
a Florida corporation,

    Plaintiff,

v().                                  Case No:

AP LOGISTICS, LLC,
a California corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff LANDSTAR RANGER, INC., by and through its undersigned counsel, hereby submits and files its Complaint against Defendant AP LOGISTICS, INC., and in support thereof states as follows:

## INTRODUCTION

1. This is a civil action brought pursuant to the Carmack Amendment, 49 U.S.C § 14706 ("Carmack Amendment") where the amount in controversy exceeds $10,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR RANGER, INC. ("Landstar"), a transportation broker, and Defendant AP LOGISTICS, INC. ("AP"), an interstate motor carrier, for cargo loss and damage.

1

## **PARTIES, JURISDICTION, VENUE**

2. Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3. Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC- 178439) that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier.

4. AP is a California corporation with its principal place of business in Riverside, California.

5. AP is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a DOT number of DOT-3447644) to transport property in interstate commerce.

6. This Court has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 ("Carmack Amendment") where the amount in controversy exceeds $10,000.00, as it does here.

7. This Court has personal jurisdiction over AP because Landstar's cause of action for damages arose in Florida and the transactions and occurrences out of which Landstar's cause of action arose took place in Florida. *See International Shoe Co. v. Washington,* 326 U.S. 310 (1945).

8. Upon information and belief, and on the basis of AP's USDOT motor carrier registration, AP operates, conducts, engages in, or carries on business in the State of Florida, including within this judicial district.

9. Additionally, AP maintains an agent for the service of process within the State of Florida and within this judicial district located at: Lorrie Downey, 4451 Bellamy Lane, Callahan, FL 32011.

10. This Court is the proper venue for this case pursuant to 28 U.S.C. § 1391(b)(2) because Landstar's causes of action arose in Jacksonville, Florida and the transactions and occurrences out of which Landstar's cause of action arose took place in Jacksonville, Florida.

## GENERAL ALLEGATIONS

11. On or about November 30, 2022, AP was contracted to transport a load of engine lubricants (the "Load").

12. Landstar arranged for the Load to be picked up from the consignor in Fresno, California for delivery to the intended consignee in Penrose, Colorado. A copy of the governing bill of lading for the Shipment, No. A000644273 (the "Bill of Lading"), is attached hereto as **Exhibit A**.

13. The Load was tendered to AP in Fresno, California on or about November 30, 2022 in good condition.

14. AP picked up the Load, which was in good condition; however, it failed to deliver the Load to the consignee. Instead, AP returned to the

consignor's warehouse and unloaded the Load in front of the warehouse gate. The Load thereafter went missing.

15. The location of the Load was and remains unknown. A copy of the Police Report is attached hereto as **Exhibit B**.

16. On or about August 7, 2023, the Consignee submitted a Presentation of Loss and Damage Claim (the "Claim Form") to Landstar in the amount of $66,900.96[1], reflecting the amount of damages the claimant Becker Logistics ("Claimant") suffered as a result of AP's failure to deliver the Load in the same condition it was received. A true and correct copy of the Claim Form is attached hereto as **Exhibit C.**

17. Pursuant to the Services Contract between the Claimant and Landstar ("Services Contract"), Landstar was liable to the Claimant for the damages stated in the Claim Form.

18. Accordingly, Landstar paid $66,900.96 to the Claimant (the "Claim Payment").

19. In consideration of Landstar's Claim Payment, the Claimant executed a Cargo Liability Release, Indemnity, and Assignment Agreement

---

[1] Note the Presentation of Claim form totals 69,900.96. However, the claim was reduced to reflect the contractual damages for a total Claim amount of $66,900.96.

4

(the "Assignment"), thus assigning all rights to the Claim to Landstar. A true and correct copy of the Assignment is attached hereto as **Exhibit D.**

20. Landstar retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

21. As of the filing of this action, AP has failed to accept liability for damage to the Load.

22. All conditions precedent to this action have occurred, been satisfied, or have been waived.

## COUNT ONE - CARMACK AMENDMENT

23. Landstar incorporates paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff brings this cause of action based on the assigned rights it possesses from Claimant. See **Exhibit D**.

25. As the motor carrier in possession of the Load, AP is liable to the party entitled to recover for the full actual value of the lost, damaged, or delayed property under 49 U.S.C. §14706 (the "Carmack Amendment").

26. As the assignee of the Claim, Landstar is the party entitled to recover the full actual value of the lost property under the Carmack Amendment. See **Exhibit C; Exhibit D**.

27. As a direct and proximate result of AP's failure to deliver the Load in good condition, Landstar has suffered damages in the amount of $66,900.96.

WHEREFORE, Plaintiff, LANDSTAR RANGER, INC., demands judgment in its favor and against Defendant AP Logistics, LLC an award of damages totaling $66,900.96, and for any other relief which this Court deems appropriate.

Date: July 18, 2024

Respectfully submitted,

<u>/s/ Sophia Bernard</u>
Sophia Bernard, Esq.
Florida Bar No. 113805
Lauren Feldman, Esq.
Florida Bar No. 0106075
TAYLOR NELSON, PL
20 3rd Street SW, Suite 209
Winter Haven, FL 33880
(863) 875-6950 (tel)
(863) 875-6955 (fax)
sbernard@taylorlawpl.com
lfeldman@taylorlawpl.com
efiling@taylorlawpl.com
krieck@taylorlawpl.com

*Counsel for Plaintiff*